IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



ERNEST DARKO,                               )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )   No. 05 C 40
                                            )
CITY OF CHICAGO, CHICAGO                    )
POLICE OFFICER BOB SMITH, and               )
OTHER AS-YET UNKNOWN                        )
CHICAGO POLICE OFFICERS,                    )
                                            )
                Defendants.                 )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss on Counts I, IV, V, and VI. For the reasons stated below, we grant the motion to dismiss in its entirety and dismiss the remaining claims.

## BACKGROUND

Plaintiff Ernest Darko ("Darko") alleges that he worked for a bar called Mickey's Snack Bar ("Mickey's) in 2004. Darko alleges that on the night of February 14, 2004, Darko was working as a host for Mickey's karaoke night. Darko claims that around midnight a group of individuals entered Mickey's including

1

Defendant Bob Smith ("Smith") and his fiancé. Smith is a Chicago Police officer who was off duty at the time. Darko claims that the members of the group appeared to be intoxicated. Darko alleges that when Mickey's started to shut down for the night, Smith became angry while speaking with an employee at the bar. According to Darko, Darko and his co-workers told Smith to calm down and Smith in turn knocked Darko to the floor, hit him three times and pulled at his hair. Darko further alleges that Smith then released his grip on Darko and began waiving his gun around in a threatening manner. Darko claims that another person was able to wrestle the weapon away from Smith. Darko claims that when the Chicago Police were summoned to the scene, Darko indicated that he wanted to file charges against Smith for the alleged assault and battery. According to Darko, the officers that reported to the scene refused to allow him to file criminal charges and told him that the matter would be investigated by the Office of Professional Standards ("OPS"). Darko claims that he subsequently went to several police district stations and asked to file charges against Smith. Darko states that he was repeatedly told that the OPS investigation was the only available recourse for him. Darko includes in his complaint a claim alleging a violation of 42 U.S.C. § 1983 ("Section 1983") based upon alleged excessive force (Count I), a state battery claim (Count II), a state assault claim (Count III), a Section 1983 conspiracy claim (Count IV), and counts which assert that the City is subject to the doctrine of *respondeat superior* of the state claims and to indemnification (Counts V and VI). The City has moved to

dismiss Counts I, IV, V, VI, and VII and Smith has adopted the City's motion to dismiss Counts I and IV.

## LEGAL STANDARD

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each

element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Excessive Force Claim (Count I)

Defendants argue that the allegations in the complaint do not indicate that Smith was acting under the color of state law. A plaintiff bringing a Section 1983 claim is required to establish that: 1) his "constitutional rights were violated," and 2) "the defendant[] acted under color of state law." *Lawline v. American Bar Ass'n*, 956 F.2d 1378, 1384 (7th Cir. 1992). In the instant action, even when viewing the facts alleged in a light most favorable to Darko, Darko does not allege that Smith

4

acted under the color of state law. Instead, the facts alleged in the complaint clearly indicate that Smith was off duty at the time in question. Darko alleges that Smith became angry and entered into a personal disagreement with an employee at Mickey's. The facts also indicate that as part of that personal dispute, Smith struck Darko and waived around his weapon. There are no facts that indicate that Smith was using any of his powers as an officer when engaging in the alleged fight. There are absolutely no allegations that would indicate that Smith was acting under the color of state law or facts that would even allow for a reasonable inference that Smith was acting under the color of state law. Therefore, we grant Defendants' motion to dismiss the excessive force claim (Count I). We also grant Defendants' motion to dismiss the Section 1983 conspiracy claim since it is premised upon an alleged constitutional violation contained in Count I.

## II. Section 1983 Conspiracy Claim

Defendants seek a dismissal of the Section 1983 conspiracy claim. Darko alleges in his conspiracy claim that unidentified officers conspired with Smith to refuse to investigate Darko's assault and battery charges brought against Smith. Such allegations do not state a constitutional violation which is required for a Section 1983 claim. *Lawline*, 956 F.2d at 1384; *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(stating that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

another."); *Jacobson v. National R.R. Passenger Corp.*, 1999 WL 1101299, at *10 (N.D. Ill. 1999)(citing cases in support of holding that there is no constitutional right to a police investigation). Therefore, we grant Defendants' motion to dismiss the Section 1983 conspiracy claim.

III. Municipal Liability

Defendants move to dismiss the Section 1983 claims to the extent that the claims are brought directly against the City. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

Defendants correctly point out that Darko has failed to allege any facts that would indicate that a City policy, custom, or practice was responsible for the alleged

6

misconduct of Smith. Also, as is indicated above, even when viewing the facts alleged in a light most favorable to Darko, there is no constitutional violation alleged by Darko, because under Darko's own set of facts, Smith was clearly not acting under the color of state law. Therefore, we grant Defendants' motion to dismiss the Section 1983 claims brought against the City.

IV. Remaining Claims

In regards to the remaining state battery and assault claims, the Seventh Circuit has stated that where a court dismissed a federal claim and the sole basis for invoking federal jurisdiction is now nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir.2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims."); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts."); *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir.1994)(stating that in exercising discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of

judicial resources. . . ."). We have granted Defendants' motion to dismiss all of the Section 1983 claims and Darko does not indicate in his complaint that this court has diversity subject matter jurisdiction over the remaining state claims. (Compl. Par. 2). We find it appropriate to dismiss the state assault and battery claims (Counts II and III). In regards to the *respondeat superior* count in the complaint (Count V), as is indicated above, the doctrine of *respondeat superior* is not applicable to Section 1983 claims, *Monell*, 436 U.S. at 691. Also, to the extent that the respondeat superior count relates to the state claims the count is no longer applicable since we have dismissed the state claims. For the same reason, we dismiss Count VI which addresses indemnification for the state law claims. Therefore, we deemed it prudent to dismiss all of the remaining claims.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' partial motion to dismiss and dismiss all of the remaining claims.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 8, 2005